Brian P. Morgan (State Bar No. 4753141)
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
Tel: (212) 248-3140
Fax: (212) 248-3141
Email: brian.morgan@faegredrinker.com

*Counsel to Baldor Specialty Foods, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| Easy Victor LLC | Case No. 24-11590 (DSJ) |
| Debtor. | |

**DECLARATION OF EILEEN MANITAS IN SUPPORT OF PACA TRUST CLAIM**
**OF BALDOR SPECIALTY FOODS, INC.**

I, Eileen Manitas, declare:

1. I am the Chief Financial Officer of Baldor Speciality Foods, Inc. ("Baldor"), and I file this Declaration and declare under penalty of perjury that the following are true statements. Baldor files this Declaration for the purpose of supporting its Perishable Agricultural Commodities Act ("PACA") trust claim against the above-captioned debtor (the "Debtor," and with Baldor, the "Parties") pursuant to PACA, 7 U.S.C. §499e(c). I am authorized to make this Declaration, and I am competent to testify at trial, if necessary, regarding the statements made in this Declaration.

2. Baldor is licensed by the USDA-PACA, and currently holds valid PACA license number 19930802 and was so validly licensed during the period applicable to the transactions which are the subject of Baldor's claim.

3. The Debtor and Baldor entered into an agreement whereby Baldor would supply the Debtor with certain perishable agricultural commodities (the "Produce") and had agreed to payment terms whereby the Debtor was obligated to pay Baldor within 30 days following delivery of the Produce.  At no time were these payment terms amended by agreement between the Parties nor were any payment extensions granted by Baldor to the Debtor.

4. From March 19, 2024, to June 28, 2024, Baldor sold and delivered perishable agricultural commodities (the "Produce") on credit to the Debtor.  In each instance, the Produce was received and accepted by Debtor.

5. Baldor preserved its PACA trust rights against the Debtor by (i) including the statutorily required language on Baldor's invoice or other billing statement (7 U.S.C. §499e(c)(4)), (ii) serving trust notices upon the Debtor within thirty (30) days after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary (7 U.S.C. §499e(c)(3)(i)); (iii) serving trust notices upon the Debtor within thirty (30) days after expiration of such other time, as the parties have expressly agreed to in writing before entering the transaction (7 U.S.C. §499e(c)(3)(ii)); (iv) serving trust notices upon the Debtor within thirty (30) days after Baldor received notice that the payment instrument promptly presented for payment has been dishonored (7 U.S.C. §499e(c)(3)(iii)).

6. Invoices to the Debtor were sent by Baldor via U.S. Mail.

7. The total amount past due and unpaid from the Debtor totals $46,346.73, all of which qualifies for PACA trust protection.

I declare that under penalty of perjury, under the laws of the United States of America and the State of New York, that the foregoing is true and correct based on my personal knowledge.

Executed: May 20, 2025
New York, NY

_____
Eileen Manitsas
Chief Financial Officer
Baldor Specialty Foods, Inc.